IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PETER J. DAIS IV** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL ACTION NO 09-0008-KD-B |
| | ) |
| **LOWE'S HOME CENTERS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the motion to dismiss for failure to prosecute filed by Lowe's Home Centers, Inc. (Lowe's) (doc. 14).  Upon consideration and for the reasons set forth herein, this motion is set for **hearing on June 16, 2009 at 9:00 a.m.** before the undersigned in Courtroom 5-A of the United States Courthouse, 113 St. Joseph St., Mobile, Alabama 36602.

**Plaintiff Peter J. Dais IV (Dais) and his counsel Algernon J. Cooper are ORDERED** to appear and show cause why this case should not be dismissed based on a finding that Dais' failure to respond to the Court's order to amend the complaint was willful.  **It is FURTHER ORDERED,** that Dais shall file his amended complaint before **June 16, 2009 at 9:00 a.m.**  Dais is warned that failure to file his amended complaint and to appear at the hearing on the motion to dismiss will be considered by the court as a willful action and as an abandonment of the prosecution of this action.

Background

On January 6, 2009, Plaintiff filed his pro se complaint alleging wrongful termination, retaliation, racial discrimination and harassment against Lowe's.  On January 27, 2009, Lowe's filed a motion for more definite statement or in the alternative to dismiss.  On March 14, 2009, Algernon J. Cooper appeared as counsel for Dais and moved the court for an extension of time to respond to Lowe's motion.  The motion was granted and Dais' response was due March 20,

2009.  On March 27, 2009, Lowe's filed a motion to clarify wherein it set forth that Dais had not filed his response and moved the Court to clarify whether it should file a reply.  On May 8, 2009, the Court granted Lowe's motion for more definite statement and denied its motion to dismiss. Also, in the order of May 8, 2009, Dais was ordered to file an amended complaint on or before May 21, 2009 and he was warned that failure to comply with the order in a timely manner would result in dismissal of this case for failure to prosecute.[1]  Dais failed to file the amended complaint and Lowe's moved to dismiss for lack of prosecution on May 26, 2009.

     Statement of the law

Rule 41(b) addresses involuntary dismissals and states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Therefore, this Rule authorizes a district court to dismiss an action for failure to obey a court order.  The Eleventh Circuit Court of Appeals explained in Bettis v. Toys "R" Us, 273 Fed. Appx. 814 (11th Cir. 2008), that "where plaintiff has been forewarned, dismissal following the plaintiff's disregard of an order is not an abuse of discretion." Id. at 818 (citing Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989));  see also Link v. Wabash R. R., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-1457 (11th Cir. 1995).  Accord Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorizes the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545-1546 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permits the imposition of fines), cert. den., 510 U.S. 863 (1993).

---

[1] The docket indicates that Dais' counsel received e-mail notification of this order at three e-mail addresses: togetaj@yahoo.com, togetaj@gmail.com, and any@cooperlaw.info.

Analysis

The docket indicates that Dais has failed to follow the orders of this Court when ordered to file a response on or before March 20, 2009 and when ordered to file his amended complaint on or before May 21, 2009, despite an explicit warning by this court that failure to file the latter would result in dismissal of his case.  Additionally, Dais has not filed any pleading or other document in this case since March 14, 2009.

The Eleventh Circuit Court of Appeals has explained that in order to dismiss a case for failure to comply with the court's orders, especially in circumstances where the dismissal may be tantamount to dismissal with prejudice,[2] the court must find that "there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice", but "mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct".  Bettis, 273 Fed. Appx at 818-819.  Therefore, Dais is ordered to appear and show cause why his conduct should not be considered willful.

The Clerk of the Court is **directed** to send a copy of this order to Dais at 1330 Hannon Road, Mobile, Alabama 36605.

**DONE** and **ORDERED** this the 9th day of June, 2009.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that Dais' Letter of Determination, i.e., "Right to Sue Letter", is dated October 9, 2008.  The Letter explains that "[t]he charging party may pursue his allegation that the respondent discriminated against him because of his race by filing suit against the respondent within 90 days of receipt of this letter" (doc. 1, p. 11).  Therefore, if Dais' claim of race discrimination is dismissed by this court, any complaint of race discrimination filed now or in the future may be subject to a statute of limitations defense.